UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

UNITED STATES OF AMERICA,

                         Plaintiffs,

-against-

**OPINION & ORDER**
10-CR-133 (SJF)

MATHEW SASBON,

          a/k/a "baddaddy,"

                        Defendant.

—————————————————————————X

FEUERSTEIN, J.

      Pending before this Court is a motion by defendant Mathew Sasbon ("defendant") seeking,

*inter alia*, reconsideration of so much of an Opinion and Order dated September 29, 2010 ("the

September 29, 2010 order"), as denied, without a hearing, the branch of his motion seeking to

suppress certain statements. For the reasons stated below, defendant's motion is denied.


I.      Discussion

    A.      Reconsideration[1]

      Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local

Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of

a court order determining a motion shall be served within fourteen (14) days after the entry of the

---

[1] Although defendant moves for reconsideration pursuant to both Local Civil Rule 6.3 and
Rule 59(e) of the Federal Rules of Civil Procedure, since no judgment has yet been entered in this
action, his reliance on Rule 59(e) is misplaced. Accordingly, I deem defendant's motion to be one
for reconsideration pursuant to Local Civil Rule 6.3 only.

court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Newton v. City of New York, 738 F.Supp.2d 397, 416-7 (S.D.N.Y. 2010); East Coast Resources, LLC v. Town of Hempstead, 707 F.Supp.2d 401, 413 (E.D.N.Y. 2010), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Cornwell v. Credit Suisse Group, 729 F.Supp.2d 620, 628 (S.D.N.Y. 2010); Hinds County, Miss. v. Wachovia Bank N.A. 708 F.Supp.2d 348, 369 (S.D.N.Y. 2010).

In determining a motion for reconsideration under Local Rule 6.3, the court should consider: (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See Montblanc-Simplo GmbH v. Colibri Corp., 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010); Hinds County, 708 F.Supp.2d at 369. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts * * *." Langsam v. Vallarta Gardens, No. 08 Civ. 2222, 2009 WL 2252612, at * 2 (S.D.N.Y. July 28, 2009); see also Taylor v. Cuomo, No. CV-07-2138, 2008 WL 63283, at * 2 (E.D.N.Y. Jan. 3, 2008) (finding that the petitioner had not presented any controlling decisions that the Court had

overlooked when he relied only upon caselaw from the Circuit Court for the District of Columbia in support of his motion for reconsideration).

Generally, reconsideration should not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); Adams v. Warner Bros. Pictures, 289 Fed. Appx. 456, 458 (2d Cir. Aug. 13, 2008) (holding that a moving party may not seek to introduce additional factual assertions on a motion for reconsideration); (2) advances new arguments or issues that could have been raised on the original motion, see Adams, 289 Fed. Appx. at 458 n. 2 (holding that on a motion for reconsideration, a court should not entertain arguments not raised on the original motion or mentioned for the first time on reply); or (3) "is solely attempting to relitigate an issue that already has been decided," New York v. Parenteau, 382 Fed. Appx. 49, 50 (2d Cir. June 24, 2010); Lesch v. U.S., 372 Fed. Appx. 182, 183 (2d Cir. April 20, 2010).  It is within the sound discretion of the district court whether or not to grant a motion for reconsideration.  See Anwar v. Fairfield Greenwich Ltd., ___ F.Supp.2d ___, 2010 WL 4739949, at * 1 (S.D.N.Y. Nov. 16, 2010); Metso Materials, Inc. v. Powerscreen Intern. Distribution Ltd., 722 F.Supp.2d 316, 320 (E.D.N.Y. 2010).


B.    Suppression of Statements

Defense counsel contends that I committed clear error in the September 29, 2010 order by conflating two (2) distinct issues: (1) whether defendant's statements purportedly resulting from

illegally seized evidence should be suppressed as fruit of the poisonous tree; and (2) whether defendant's statements made after the allegedly unlawful detention at his workplace should be suppressed as fruit of his illegal arrest. According to defense counsel, I overlooked the first issue and misapplied the law with respect to the second issue in the September 29, 2010 order. Defense counsel seeks to supplement its original arguments on defendant's motion to suppress with: (1) an affidavit from defendant; and (2) notes of defendant's interrogation by Agent Gerbasi.

### 1. Illegally Seized Evidence

In support of his contention that I overlooked controlling decisions in denying the branch of defendant's motion seeking suppression of his statements purportedly resulting from illegally seized evidence, defense counsel relies upon two (2) Supreme Court cases for the general proposition that evidence and statements that are fruit of the poisonous tree, i.e., obtained by exploitation of a primary illegality, must be suppressed, see United States v. Crews, 445 U.S. 463, 470, 100 S.Ct. 1244, 1249 (1980) and Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417 (1963); and another Supreme Court case, Fahy v. Connecticut, 375 U.S. 85, 89-91, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), which stands for the proposition that a criminal defendant should be allowed to claim that illegally seized evidence induced his or her inculpatory statements. The remainder of defense counsel's argument is not supported by any matter or controlling decision from the Supreme Court or Second Circuit.[2]

Moreover, defendant was permitted the opportunity to, and did, claim in his original motion

---

[2] With respect to the one (1) Second Circuit case cited by defense counsel, United States v. Trzaska, 111 F.3d 1019, 1022-1023 (2d Cir. 1997), defense counsel cites to dicta from the Court, which is not a controlling decision.

4

that the purportedly illegally seized evidence induced his challenged statements. A motion for reconsideration is not a vehicle through which defendant may take a second bite of the apple and cure the deficiencies identified on his previous motion by way of, *inter alia*, a self-serving affidavit. See, e.g. Rafter, 288 Fed. Appx. at 769. Clearly, defendant could have submitted the information he now seeks to submit on his original motion, particularly since the government raised the legal insufficiency of defendant's motion in its opposition. Accordingly, the Court will not consider the new evidence submitted by defendant on his motion for reconsideration.[3]

Since I did not overlook or misapply any matter or controlling decision, and indeed relied on recent controlling decisions, including decisions quoting Wong Sun, see, e.g. Brown v. Illinois, 422 U.S. 590, 602, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the branch of defendants' motion seeking reconsideration of so much of the September 29, 2010 order as denied suppression of defendant's statements allegedly resulting from the illegally seized evidence is denied.

2.   Unlawful Detention

Defense counsel contends that I overlooked a disputed factual matter by assuming that

_____

[3] In any event, defendant's attenuation argument, i.e., that there was insufficient time between the purportedly illegal search of his residence and his statements to purge the taint of the illegality, is without merit, absent any indication that defendant was ever actually confronted with the evidence that he alleges was illegally seized from his residence. In his affidavit, defendant avers, in relevant part, only that he knew agents were searching his home; that the agents told him "they were going to be examining [his] computer;" that he "figured that [the agents] had already found the[] [child pornography] images or were about to find them," (Affidavit of Mathew Sasbon [Sasbon Aff.], ¶ 6), and that he answered the agents' question about whether he "traded pictures" because the agents "had [his] computer and told [him] that it was going to be reviewed or examined," so he believed "they already knew the answers or would find out the answers in a short time," (id. at ¶ 10). Defendant does not aver that at the time he made the challenged statements, the agents had already searched his computer, found the pornographic images and confronted him with them.

defendant was not in custody at the time he made the challenged statements. However, for the reasons set forth above, I decline to consider defendant's self-serving affidavit submitted for the first time on reconsideration and tailored to address the deficiencies noted in defendant's original suppression motion, particularly since the government had addressed the legal insufficiency of defendant's argument in its opposition to the original motion, which defense counsel failed to address in his reply. See, e.g. Rafter, 288 Fed. Appx. at 769. Since defense counsel has not otherwise established that I overlooked or misapplied any matter or controlling decision, the branch of defendant's motion seeking reconsideration of so much of the September 29, 2010 order as denied suppression of his statements as fruit of an illegal arrest is denied.

II.     Conclusion

Defendant's motion seeing reconsideration of the September 29, 2010 order is denied. A hearing on the branch of defendant's original motion seeking to suppress evidence seized as a result of a February 12, 2010 search of his residence, as set forth in the September 29, 2010 order, will be held on a date to be determined during the next status conference scheduled to be held before me on March 16, 2011 at 11:00 a.m.


SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Court

Dated: March 8 , 2011
         Central Islip, New York